

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| RICKY RODERICK PRICE, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION 0:24-3673-MGL |
| | § | |
| JOHNATHAN MORENO, JOSH ENGLERT, | § | |
| ROBIN GANDER, NATHANIEL KUNDT, | § | |
| MATTHEW PALMER, JONATHAN SOTO, | § | |
| and WILLIAM WATSON, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' TWO MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Ricky Roderick Price (Price) filed this 42 U.S.C. § 1983 lawsuit against Defendant Johnathan Moreno (Moreno), as well as six other defendants: Defendants Josh Englert, Robin Gander, Nathaniel Kundt, Matthew Palmer, Jonathan Soto, and William Watson (collectively, the other defendants).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Moreno's motion for summary judgment and the other defendants' unopposed motion for summary judgment both be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 18, 2025, Price filed his objections to the Report on September 2, 2025, and Moreno filed his reply to Price's objections on September 16, 2025. The Court has carefully reviewed Price's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Price offers three objections to the Report. First, Price maintains "the Magistrate Judge improperly resolved factual disputes and credited [Moreno's] explanations[.]" Objections at 2 (emphasis omitted) (standardized capital letters). According to Moreno, "[t]he Magistrate Judge accepted Moreno's claim . . . he observed a traffic violation and relied on other officers' observations to justify the stop." *Id*. He further maintains the Magistrate Judge "failed to address the conflicting evidence[.]" *Id*.

Here is a list of the alleged conflicting evidence:

- **Discovery Responses**: Moreno claimed [Price] was the target of an ongoing investigation involving confidential informants.

- **Deposition Testimony**: Moreno testified at different points . . . his justification was traffic violations, either observed by himself or relayed by another officer.

- **Incident Report**: Moreno referenced [Price's] prior criminal history and prior interaction with [Price] as part of the justification for the stop.

- **Body-Worn Camera Footage**: Moreno told [Price] directly, "You don't have to give us consent. You have enough criminal history for us to articulate why we are searching this car with a dog."

*Id.* at 3.

The Court rejects Price's argument "the Magistrate Judge improperly resolved factual disputes and credited [Moreno's] explanations[.]" Objections at 2 (emphasis omitted) (standardized capital letters). Whether Moreno stopped Price for a traffic violation or for some nefarious reason is unimportant. "[S]o long as the officer has [reasonable suspicion] to believe . . . a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993). It is inconsequential as to whether Price's "traffic violations [were] . . . observed by [Moreno] or relayed by another officer." Objections at 3.

As reported by the Magistrate Judge, "[a]t the time Moreno stopped [Price], he had, at the least, witnessed him violate a traffic law and informed him as much immediately upon pulling him over. The evidence submitted is consistent with [Price] having violated a traffic law, and [he] does not offer evidence . . . he did not violate a traffic law or . . . Moreno did not perceive the same." Report at 14-15 (footnote omitted). Having made a de novo review of the record, the Court agrees with this assessment

In further support of the conclusion Moreno stopped Price for the traffic violation, "Moreno's [Body Worn Camera] evidence shows . . . immediately after pulling [Price] over, the officers informed [him] . . . he had committed a traffic violation." Report at 6 (citation omitted). In addition, Moreno issued Price a traffic ticket for "unlawful turning: turning from wrong lane (right) or improper signal[.]" Moreno's Motion for Summary Judgement, Exhibit D (standardized capital letters).

Price's only contentions the traffic stop was unconstitutional is for the allegedly contradictory reasons listed above. But, the Supreme Court has held a traffic-violation arrest such as the one here is an insufficient basis to render it invalid by the fact . . . it was "a mere pretext for a narcotics search" *United States v. Robinson*, 414 U.S. 218, 221 n.1 (1973). In other words, the

Supreme has "foreclose[d] any argument . . . the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Whren v. United States*, 517 U.S. 806, 813 (1996))).

It is unnecessary to parse the differing reasons Moreno allegedly gave for the stop inasmuch as, as noted earlier, a traffic-violation arrest such as the one here is an insufficient basis to render it invalid, even if it was "a mere pretext for a narcotics search" *Robinson*, 414 U.S. at 221 n.1. Again, when making this decision, the Court is unconcerned with "the actual motivations of the individual officers involved." *Whren*, 517 U.S. at 813.

The evidence is overwhelming Moreno stopped Price for a traffic stop, to which Price fails to offer any evidence to the contrary. A reasonable factfinder would be unable to find otherwise.

Accordingly, the Court will overrule Price's first objection.

Second, Price insists "a reasonable factfinder could conclude the only reason for the stop was [Price's] prior criminal history and prior interactions with Moreno[.]" Report at 3 (emphasis omitted) (standardized capital letters).

According to Price, "there is a genuine factual dispute whether any contemporaneous, objectively valid basis existed in the first place. . . . If a finder of fact concluded . . . Moreno lacked a contemporaneous, objectively valid reason—such as an actual traffic violation—then the stop was unconstitutional. Because a reasonable fact finder could reach that conclusion, summary judgment must be denied." *Id.* at 3-4.

But, again, "[t]he evidence submitted is consistent with [Price] having violated a traffic law, and [he] does not offer evidence . . . he did not violate a traffic law or . . . Moreno did not perceive the same." Report at 14-15 (footnote omitted).

Thus, as explained above, if the officer has reasonable suspicion for a traffic violation, which is a constitutional reason, the officer's ulterior motive is irrelevant and fails to make the stop

4

unconstitutional. Put a different way, the traffic stop is constitutional as long as the traffic violation provides sufficient legal grounds, which is present when the officer has reasonable suspicion to think a traffic violation has occurred. And, that is what we have here: Moreno had reasonable suspicion to think a traffic violation has occurred. In fact, as stated earlier, he issued a traffic ticket to Price for his alleged traffic violation. *See* Moreno's Motion for Summary Judgement, Exhibit D.

Consequently, the Court will also overrule Price's second objection.

Third, Price contends "the Magistrate Judge misapplied the grand jury and qualified immunity analyses[.]" Objections at 4 (emphasis omitted) (standardized capital letters).

As claimed by Price, "[w]here an officer deliberately supplies misleading or inconsistent justifications, neither a prosecutor's charging decision nor a grand jury indictment breaks the causal chain. . . . At the time of the stop, it was clearly established . . . prior criminal history alone cannot justify a traffic stop or search. Moreno's own admissions show he understood this limitation." Objections 4-5.

This objection is somewhat confusing inasmuch as the Court is unable to agree the Magistrate Judge's conclusion the Court should grant Moreno's motion for summary judgment is based on either a grand jury or qualified immunity analyses.

Again, "[t]he stop is reasonable if there was [reasonable suspicion], and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop." *Ferguson*, 8 F.3d at 391. Here, the stop was reasonable because Moreno had reasonable suspicion Price had committed a traffic violation.

Therefore, the Court will overrule Price's third objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Price's objections, adopts the Report, as modified, and incorporates it herein. It is therefore the judgment of the Court Moreno's motion for summary

5

judgment and the other defendants' unopposed motion for summary judgment are both **GRANTED**.

      **IT IS SO ORDERED**.

Signed this 3rd day of March, 2026, in Columbia, South Carolina.

                                                  /s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE